STATE OF MISSOURI at the relation and the use of the PUBLIC SERVICE COMMISSION ET AL., the constituent members of the Commission, Relators, v. NIKE G. SEVIER, Judge of the Circuit Court of Cole County.—106 S. W. (2d) 903.

Division Two, June 21, 1937.

*James P. Boyd,* General Counsel, and *Daniel C. Rogers,* Assistant Counsel, for Public Service Commission.

*H. P. Lauf* and *John O. Bond* for respondent.

COOLEY, C.—Original proceeding in prohibition, brought by the Public Service Commission, hereinafter called the Commission, against Honorable Nike G. Sevier, judge of the Circuit Court of Cole County. The case is submitted here on the pleadings, which, so far as pertinent to the disposition of the case, show the following:

On March 5, 1936, the Southwestern Greyhound Lines, Incorporated, filed with the Commission an application for a certificate of convenience and necessity to extend the operation of its passenger bus transportation system over certain named highways, one of which passed through, among others, the city of Wellington. The Commission set the date for hearing said application for May 13, 1936, but failed to serve upon the city clerk of the city of Wellington a copy of said application, as required by Section 5268, Laws of Missouri, 1931, page 307. [Said section appears to be a substitution for Sec.

5267, R. S. 1929, Mo. Stat. Ann., p. 6682. It was further amended in 1935, Laws 1935, pp. 323, 324, under the section number of 5268. We shall refer to it by that section number. The amendments in no way affect any issue herein involved.] By said Section 5268 it is provided that the Commission. "shall cause a copy of such petition (application) and notice of hearing thereon to be served at least ten days before the hearing upon . . . the city clerk of any city into or through which said motor carrier may desire to operate, and any such . . . city is hereby declared to be an interested party to said proceeding." It is not alleged that the Commission failed to give notice of the proposed hearing to the city of Wellington but only that it failed to serve upon the city clerk a copy of the application.

On May 12, 1936, the city of Wellington filed with the Commission a motion to dismiss the Greyhound Lines' application, on the ground that the Commission was without jurisdiction to hear said application because said city had not been served with a copy of the application. The Commission overruled that motion. On the same day, May 12th, the city of Wellington and its city clerk, John Mann, filed in the Circuit Court of Cole County a petition for a writ of prohibition against the Commission to prohibit it from proceeding with the proposed hearing of the Greyhound Lines' application, on the ground that the Commission was without jurisdiction because of its above-mentioned failure to serve copy of the application upon the city clerk. The circuit court issued its preliminary writ of prohibition, also directing therein that the Commission show cause on or before May 18th why the writ should not be made permanent.

On May 15, 1936, the Commission filed in the Cole County Circuit Court a plea or motion, called a plea in abatement, asking the court to "set aside" its preliminary order of prohibition and abate that proceeding. The court disallowed said plea.

On May 29, 1936, the Commission filed in this court its petition for a writ of prohibition to prohibit the circuit court from issuing a permanent writ in the case before it or taking further action in said case. This court, on July 2; 1936, issued its provisional writ, commanding the respondent, Judge Sevier, to show cause on or before August 1, 1936, why a permanent writ should not issue, and in the meantime to take no further action in the case pending in the Cole County Circuit Court.

Respondent duly filed return to said writ on July 31, 1936, in which he admitted the allegations of fact contained in the petition for prohibition filed in his court, averred his belief that his preliminary or provisional writ against the Commission had been lawfully issued, and then alleged that since the issuance of our writ new facts had arisen rendering the case before us a moot case, to-wit:

"Your respondent states that the applicants in case number B-5049 before the Public Service Commission of the State of Missouri have now abandoned their application filed with the Public Service Commission and have filed a new application seeking exactly the same rights sought by them in case number B-5049, which application notified the City of Wellington according to law and all other interested parties, and that on said new application a hearing 'has been held and the issues submitted to the Commission and which issues have been taken under advisement.

"Your respondent further informs the court that subsequent to the time when all the issues were presented to the Public Service Commission under said new application that the relator, the City of Wellington, has dismissed its suit in the Circuit Court of Cole County; that the issues therein presented to the Circuit Court had become moot because of the abandonment of case number B-5049 by the Southwestern Greyhound Lines in the Public Service Commission of the State of Missouri, and since said cause has been dismissed in respondent's court your respondent states that all the issues now before this court are moot questions and that respondent has no longer pending any action in said cause, and by reason of said cause in prohibition being dismissed cannot exercise any further jurisdiction.

"WHEREFORE, your respondent prays the court that the preliminary writ of prohibition heretofore issued be dissolved and that the cause be dismissed."

Case No. B-5049, referred to in respondent's return, is the above-mentioned application of Southwestern Greyhound Lines, Incorporated, filed before the Commission March 5, 1936, the hearing of which the city of Wellington sought by its above-mentioned petition in the circuit court to have prohibited.

 There is no denial of the allegations of respondent's return in the pleadings before us, wherefore we take the allegations of fact therein as true, the case here being submitted on the pleadings. [State ex rel. Anderson v. Roehrig (banc), 320 Mo. 870, 8 S. W. (2d) 998.]

In the instant proceeding relators assert that the Commission is not a court, but an administrative body; that it cannot exercise judicial functions, and did not propose to do so or attempt to do so in said case No. B-5049, and that in the exercise of its administrative or ministerial functions it is not subject to prohibition, which remedy, it is claimed, is available only to prevent usurpation of *judicial* authority; that prohibition cannot be used to perform the functions of appeal, writ of error or *certiorari*; that it does not lie for grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal or writ of error and that the Public Service Com-

mission Law provides ample means for review and for redress of grievances such as that complained of without resort to prohibition. These are interesting questions but we think their consideration and determination should be reserved for some case, should such arise, in which they are live issues in a live case.

On the facts stated in respondent's return it appears to us that the case before us has clearly become a moot case. The Greyhound Lines Company has abandoned its application, the proposed hearing of which the circuit court was asked to prohibit. There remains nothing for that court to prohibit,—nothing further that it could do or proposes to attempt to do. The prohibition proceeding in the circuit court has been dismissed. In this connection it may be well to mention that the petition for prohibition in the circuit court appears to have been filed by the City of Wellington *and* its city clerk, Mann, and respondent's return says that the *city* dismissed that action. In our opinion Mann, as city clerk, was not a necessary or a real party to that action. The statute, Section 5268, supra, declares the *city*, not the clerk thereof, to be an interested party to the proceeding before the Commission. It requires a copy of the application for certificate of convenience and necessity to be served upon the clerk but obviously that provision is for the information and benefit of the city, which has the supervision of its streets. The clerk, a mere ministerial or clerical officer, could have no authority, as such officer,—at least without express authority, not shown and a question we need not consider—, to institute or maintain a suit on behalf of the city affecting the use of its streets. The city, therefore, could dismiss that suit.

Relators here raise no question as to the city's right to dismiss the proceeding in the circuit court, so far as concerns the fact that Mann, as city clerk, was named as one of the petitioners therein. Their contention is that after the issuance of our provisional rule in prohibition the Cole County Circuit Court was shorn of authority to take any further steps in the case before it,—even to dismiss the action or permit it to be dismissed. A sufficient answer to this is that respondent's return does not show that *the court* dismissed the action or permitted its dismissal. So far as appears from the return the dismissal may have been in vacation,—a thing which the plaintiff in that action had a right to do upon payment of costs. [Sec. 959, R. S. 1929 (Mo. Stat. Ann., p. 1231).] The return merely says that the "City of Wellington has dismissed its suit." Nothing is said in the return or elsewhere in the pleadings about any costs, or the payment or nonpayment of costs. We cannot assume wrongful action on the part of respondent or of the circuit court. The city of Wellington was not named in or restrained by our preliminary writ. It does not appear that its action in dismissing its case in the circuit court was wrongful or unauthorized.

Even if the dismissal was made in term time and with permission, of the court there is authority, and we think sound reason, for holding that the case now before us has become a moot case, keeping in mind that the purpose of the instant proceeding was to prohibit respondent from restraining the Commission, a purpose now accomplished by the action of the interested parties. There remains nothing to prohibit, either by this court or by the circuit court.

In State ex rel. Frederick E. Fischer et al. v. Thomas, Judge (en banc), 249 Mo. 103, 155 S. W. 401, certain stockholders of an insurance company had brought suit in the circuit court to enjoin the contemplated consolidation of that company and another insurance company, and for appointment of a receiver. A receiver was appointed, without notice, and ordered to take possession of certain properties, and the defendants were ordered to appear on a day to be named and show cause why the receivership should not be made permanent. Application was made to this court for a writ of prohibition against the judge of the circuit court. Our preliminary writ issued. Thereafter the plaintiffs in said receivership suit dismissed that suit, the record, as quoted in the opinion of this court reading, 249 Mo. l. c. 107:

"Now on this day come the plaintiffs, in open court, and upon application of plaintiffs, this cause is by the court dismissed without prejudice.

"Wherefore, it is ordered and adjudged by the court that this cause be and the same is hereby dismissed; that said defendants and each of them go hence discharged without day and have and recover of and from the said plaintiffs all costs herein, and that execution issue therefor.

"And it is further ordered and adjudged that this court retain jurisdiction of the receivership with power to settle the receiver's account, to allow compensation to the receiver herein, and to make all other, further and proper orders in relation to the receivership herein."

Thereafter the respondent filed in this court his return to our writ and the relators filed a motion for judgment on the pleadings. We held that by reason of the dismissal of the suit for injunction and receivership the case here had become a moot case and should be dismissed. Apropos thereto and applicable to the case now before us, Lamm, J., speaking for the court said, 249 Mo. l. c. 108:

"This case has become a mere moot case, or, at best, an undisposed of question of the taxation of costs below in a cause that has reached its end in the circuit court by a final judgment of voluntary dismissal.

"We do not sit as a moot court to determine speculative questions for the benefit of some other case in judgment at some other time. Mark the actual situation. If we prohibited the circuit court from

proceeding—*cui bono?* It has effectually done that by itself. The receivership suit is dead, and henceforth is of no use (except to point a moral). If we held the circuit court had jurisdiction to proceed with that suit—wherefore? It has effectually tied its own hands and could not lift a finger in proceeding to adjudge the merits. Yet if we proceeded to judgment on the merits we would have to do one or the other of those two things and in either event our judgment would amount to the same thing, viz., *nothing.* Shall a court that is (and has been invited to be) about the serious business of settling a grave question of jurisdiction, turn aside to emit a mere squeak on costs as the be-all and end-all of the matter? We do not sit in the comedy of Much Ado About Nothing, if we know it in advance.''

Note the dismissal in said case of State ex rel. v. Thomas was made after our preliminary writ had issued, and was made in term time by order of court, upon the request of the plaintiff. Also, there seems to have been some undisposed of question of costs. In the case before us we cannot even ''emit a mere squeak on costs,'' there being no question concerning costs presented. The litigation has been terminated by the voluntary action of the parties concerned. ''If victory and defeat be equivalent, why litigate?'' [State ex rel. Ashton, v. Imel, 243 Mo. 174, 177, 147 S. W. 992.] This case having to all intents and purposes become a moot case, our provisional rule herein should be dissolved and the case dismissed. It is so ordered. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. *Tipton* and *Ellison, JJ.,* concur; *Leedy, J.,* concurs in result.