## MULLEN v. MULLEN et al.
### No. 6773–A.

District Court, Alaska
First Division, Juneau.
May 6, 1953.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

R. E. Robertson, of Robertson, Monagle & Eastaugh, H. L. Faulkner, of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

In this action to compel the defendants to deliver, or in the alternative to issue, a certificate to 100 shares of stock to which plaintiff alleges he is entitled; to account for dividends declared or, in the alternative, to declare dividends, and to call a meeting of stockholders, plaintiff has moved for the production of certain documents and the defendants have moved to strike the complaint and further object to certain interrogatories.

### Plaintiff's Motion for Production

The first item demanded is the federal income tax returns made by the defendant Mullen as trustee of the 100 shares of stock referred to, from 1938 to date. The defendant contends that before such returns may be demanded, the plaintiff must show the existence of a trust, but the authorities cited do not support this contention. What the defendant perhaps had in mind is that the phrase "possession, custody, or control" as used in Rule 34, Fed. Rules Civ.Proc. 28 U.S.C.A. has uniformly been construed to require a showing of existence of documents before their production may be ordered, 2 Barron & Holtzoff 493. But since it appears from the record that there is such a trust, this is sufficient to satisfy the requirement referred to.

The second item is the personal income tax returns of the defendant Mullen's wife. Some of the authorities cited by the defendant Mullen clearly support the proposition that income tax returns are not available under Rule 34, but the numerical weight of authority appears to be to the contrary. Since the question has not been before the Supreme Court or the Court of Appeals for the Circuit, the question is an open one in this court. On the authority of 4 Moore 1168, I am inclined to the latter view. Cf. Nola Electric Co., Inc., v. Reilly, 11 F.R.D. 103, certiorari denied, Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685.

Defendant's second objection to the production of these returns is that they are the returns of a third person. But under Rule 34, the production of documents of third persons may be compelled if they are in the possession, custody or control of the adverse party. 2 Barron & Holtzoff 494. Not only is the state of the record such as to warrant the inference of possession, custody or control, but there is no denial thereof.

An agreement having been reached as to the third, fourth and fifth items, they are no longer before me.

The sixth item demanded is the list of stockholders required by Section 34–1–13, A.C.L.A.1949, repealed in 1951, to be posted by banks. Since such lists are not permanently filed, it cannot be said that they are equally available to the plaintiff, and their production may not be avoided by consenting to their inspection in the bank.

Item 7 is the power of attorney under which the defendant Mullen presumably derives his authority to administer the trust. Since it could conceivably show his authority to deal with the trust income, it is undoubtedly relevant.

Item 8 demands the production of documentary evidence of the resignation of plaintiff from the Board of Directors, and Item 9 demands the documents showing plaintiff's change of residence since 1938. Since the plaintiff has failed to show that such documents are in existence and they are such as are presumed to be within his knowledge, demand therefor cannot be made under Rule 34.

Item 10 concerns checks issued in payment of the dividends on the stock in controversy. It would appear that these payments were made to plaintiff as owner of the stock and hence they would be relevant upon the issue of damages. This suffices to meet the requirement of good cause under Rule 34, Barron & Holtzoff, Sec. 796.

Accordingly, it is my opinion that items 1, 2, 6, 7 and 10 should be produced.

## Motion to Strike

The motion to strike each of the three claims or for a more definite statement of each, is based on the ground that no claim is stated. The defendants interpret the first claim to be one for claim and delivery and contend that it is ambiguous because of the allegation that there is no adequate remedy at law, but since the stock of this closely held corporation has no readily ascertainable market value and the damages are uncertain, I am of the opinion that a claim in the nature of equitable replevin is stated.

It is also contended that the second claim is one for damages with a similar allegation of a lack of a remedy at law. I am inclined to think, however, that the claim is essentially one for an accounting, with an estimate of damages if no accounting is had. In the circumstances, an accounting would be more appropriate and just and it does not appear that any element of an equitable claim is missing.

The third claim appears to be one for equitable relief, with estimated damages as an alternative.

I am of the opinion that the motion should be denied.

## Objections to Interrogatories

The objections to the interrogatories of April 16, 1953, are that the interrogatories have in effect already been answered and that the questions call for the interpretation of writings, which is the exclusive function of the Court. Interrogatories 1–4, 6 and 7 seek to ascertain whether certain letters written by defendant Mullen, and heretofore admitted by him to be genuine, are true. Since the defendant is bound by such writings and no burden rests upon the plaintiff to negative or anticipate any repudiation thereof or to forestall at a later stage such unfavorable interpretation of them as they might be susceptible of, I am of the opinion, in the absence of a clear showing that the writings are inconsistent or in conflict with other parts of the record, that the objections to these interrogatories should be sustained. The objections to the remaining interrogatories should in my opinion be overruled.