Strafford,
No. 4612.

JOSEPH ROBERT CURRIER & a. v. ALLIED NEW HAMPSHIRE GAS CO.

Argued December 3, 1957.

Decided December 31, 1957.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiffs.

*Burns, Calderwood, Bryant & Hinchey* (*Mr. Bryant* orally), for the defendant.

KENISON, C. J. The question presented in these tort actions for damages for personal injuries and property damage is whether the plaintiffs' federal income tax returns may be subject to discovery by the defendant. There is no precedent in this state and there is a surprising dearth of appellate authority in other state and federal jurisdictions. Compare, *June* v. *Peterson Co.*, 155 F. (2d) 963, holding that federal income tax returns are subject to discovery in civil litigation, with *Peterson* v. *Peterson*, 70 S. D. 385, holding that they are privileged and not subject to discovery.

The Internal Revenue Code of 1954 (26 U. S. C. A., s. 6103(a) ) and the former 1939 Code (26 U. S. C. A., s. 55) provides that federal income tax returns "shall constitute public records" which are open to inspection only to the extent authorized and approved by the applicable rules and regulations. Anno. 151 A. L. R. 1049; 8 Mertens, Law of Federal Income Taxation (Zimet rev. 1957) s. 47.55. Disclosure of the tax returns contrary to law is a misdemeanor. 26 U. S. C. A., s. 7213. The Code of Federal Regulations provides in part that an individual tax return may be inspected by him or his attorney in fact. 26 CFR (1949 *ed.*) s. 458.52, and that a copy of the return may be furnished to any person who is entitled to inspect it. 26 CFR (1957 supp.) s. 458.205.

"The greater number of decisions favor the view that in private civil litigation a party may be required to produce copies of his Federal income tax returns." McCormick, Evidence, s. 149, *p.* 312 (1954). Commentators generally have stated that the purpose of the Internal Revenue Code was to prevent wholesale disclosure of

income tax information to persons who have no legitimate interest therein, but in actions for damages, where loss of earnings is an issue, income tax returns may be relevant and subject to inspection. 8 Mertens, Law of Federal Income Taxation (Zimet rev. 1957) s. 47.53; 2 Barron & Holtzoff (1957 supp.) Federal Practice and Procedure, s. 798; 3 Prentice-Hall, Federal Taxes, par. 17,934 (1958). A majority of the courts "have held that *copies* of income tax returns in the possession of a party are not privileged, and that their production can be compelled in an appropriate case, and further that if the party does not have copies he can be required to secure copies from the Internal Revenue authorities." 4 Moore, Federal Practice (2d *ed.*) s. 26.25 [5], *pp.* 1168,1169. There is a dwindling minority view to the contrary, but recent cases have followed the majority view. *Kingsley* v. *Delaware, Lackawanna & Western R. Co.,* 20 F. R. D. 156; *Court Degraw Theatre* v. *Loew's, Inc.,* 20 F. R. D. 85; 10 Vand. L. Rev. 150 (1956).

We adopt the majority view that federal income tax returns are not privileged as a matter of law in civil litigation where the returns are material to the claims of the parties. We recognize that discovery of federal income tax returns is discretionary with the Trial Court, but it should not be used as a means of harassment or impertinent intrusion. The Trial Court may, if circumstances warrant it, in any particular case impose stringent requirements upon the moving party to establish grounds for the production of federal income tax returns. In this case the Court did not exercise its discretion but ruled as a matter of law that federal income tax returns were not subject to discovery. This was error. See *Karlsson* v. *Wolfson,* 18 F. R. D. 474; *Tollefsen* v. *Phillips,* 16 F. R. D. 348; *Reeves* v. *Pennsylvania R. R.,* 80 F. Supp. 107. Since the Court did not exercise discretion (*Vallee* v. *Company,* 89 N. H. 285, 291; *Colby* v. *Varney,* 97 N. H. 130, 134, 135, the order is

*Case remanded.*

BLANDIN, J., was absent; the others concurred.