**Glenn BUSH, Plaintiff,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant.**

Civ. No. 0568.

United States District Court
D. Nebraska.

June 13, 1958.

George O. Kanouff (Hosford, Kanouff & Peterson), Omaha, Neb., for plaintiff.

W. P. Loomis, Omaha, Neb., for defendant.

VAN PELT, District Judge.

This matter is before the Court upon the Motion For Production and Inspection of Documents of defendant, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. (filing Number 6). Specifically, the defendant requests production of copies of plaintiff's income tax returns for the years 1953, 1954, 1955, 1956 and 1957 for copying or photographing.

The Motion is supported by the affidavit of one of defendant's attorneys relating to the materiality of the evidence.

The suit is one for negligence praying judgment for $354,000. It is claimed that by reason of personal injuries and permanent disability suffered by plaintiff as the alleged proximate result of defendant's negligence, the plaintiff has suffered loss of earnings since the accident which occurred December 9, 1957 and that he will continue to lose earnings in the future.

The authorities are divided on whether or not under Title 26 U.S.C.A. Section 6103, income tax returns are privileged. The greater number of decisions numerically favor the view that in private civil litigation production may be required. The Court prefers that view. In this case the earnings of plaintiff will be an important factor in the amount of a verdict if plaintiff recovers. It is reasonably probable that the returns will contain material evidence because they will help to disclose plaintiff's employment record prior to the accident. The names of employers is sometimes material in investigation as to prior accidents, if any, and the amount of plaintiff's earnings has a definite and material relationship to the issue of damages.

District Judge Bryan in discussing this matter has stated:

"The Internal Revenue Code of 1954, § 6103, 26 U.S.C., like the Code of 1939, former § 55, 26 U.S.C., protects taxpayers against public disclosure of the contents of tax returns. This policy is underscored by the penal provisions of the Code which make it unlawful for any Federal or State officer or employee to divulge such matter 'in any manner whatever not provided by law'. 26 U.S.C. § 7213. The Regulations, § 458.52, provide that the return of a living individual shall be open to inspection 'by the person who made the return or by his duly constituted attorney in fact'. The only other persons entitled to the inspection of the return in the hands of the Government are the various governmental agencies having a legitimate interest in the subject matter as provided in Section 6103 of the Code.

"These provisions, plaintiff contends, give him an absolute privilege against discovery of his returns in this lawsuit. I do not find such privilege conferred by either the statutes or the regulations under the circumstances presented here.

"The purpose of the statute is to prevent the disclosure of confiden-

190

tial information to those who do not have a legitimate interest in it. But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his returns is confidential. If the returns were in his own possession he could be compelled to produce them, and there is no good reason why he should not obtain copies from the Government at defendant's expense or permit the defendant to do so." Kingsley v. Delaware, Lackawanna & Western Railroad Co., 20 F.R.D. 156, 158.

and District Judge Devitt has reached the same conclusion saying:

"I conclude that while a federal income tax return is privileged, it is privileged only in so far as unauthorized public scrutiny is concerned. Thus the defendants here would have no right to secure a copy of plaintiff's return directly from the Commissioner of Internal Revenue. But this is not to say that a court may not compel the taxpayer himself to secure a copy of the return for proper use in a judicial proceeding upon a showing of good cause." Karlsson v. Wolfson, 18 F.R.D. 474, 476.

Plaintiff suggests that the request for five years returns is in any event too long a period and that an examination of the last three years returns should be sufficient. In the exercise of its discertion, the Court will allow an examination of the returns for five years. This is not to say that the Court is now ruling that five years is the period of earnings that is material and on which evidence is to be introduced at the trial. That matter can be decided at the pre-trial conference or when the matter comes on for trial as the trial judge determines. The requested period for the purpose of investigation

and preparation for trial the Court deems proper.

An appropriate order will this day be entered.