**STATE of Missouri ex rel. James E. BOSWELL, Relator,**

v.

**Honorable Claude E. CURTIS, Judge of the Circuit Court of Laclede County, Missouri, Respondent.**

No. 7847.

Springfield Court of Appeals.

Missouri.

April 20, 1960.

758

Donnelly & Donnelly, Robert T. Donnelly, Lebanon, Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Donald J. Hoy, Warren S. Stafford, Springfield, for relator.

Dillard & Grossenheider, Paul J. Dillard, Lebanon, for respondent.

RUARK, Judge.

We issued preliminary writ of prohibition against the circuit judge to desist from enforcing an order requiring the relator to produce for inspection, copying or reproduction certain copies of his income tax returns. Return has been made wherein the respondent admits the facts alleged in paragraphs I, II, and III of the petition for the writ and, in effect, denies all other allegations of said petition. The relator has filed motion for judgment on the pleadings, and the parties have chosen to submit the case for decision on this state of the pleadings. Hence we determine the case on the facts alleged in the first three paragraphs of the relator's petition.[1]

1. State ex rel. and to use of Public Service Commission v. Sevier, 341 Mo. 162, 106 S.W.2d 903; State ex rel. Anderson v. Roehrig, 320 Mo. 870, 8 S.W.2d

From the petition and its attached exhibits it appears that one Claude Waterman has sued the relator, James E. Boswell, for alienation of the affections of Waterman's wife. Exemplary or punitive damages were prayed. After various pleadings which put the case at issue, plaintiff Waterman filed a motion to require the defendant in that case (relator here) to produce various papers, including copies of 1957 and 1958 income tax returns, under the allegations that they are necessary to plaintiff in preparation of his lawsuit in reference to punitive damages and that they contain evidence material toward the determination of defendant's wealth. The order of the court is not brought up as a part of the record or exhibits, but, as we get from the petition, the motion was called up for hearing (what evidence, if any, was offered in support or rebuttal of the motion is not related or shown); and it was stipulated (1) the relator and his wife filed joint income tax returns, both state and federal, for the years 1957 and 1958, (2) the returns included income earned individually by relator in those years, (3) relator was paid $1,000 per month salary during these years and reported such on the joint returns, (4) relator and his wife jointly owned a majority of the common stock of the Independent Stave Company, a Missouri corporation. The motion was sustained in respect to the income tax returns, and relator was ordered to produce them for inspection, copying or reproduction.

In support of his motion for judgment here, the relator contends (I) the returns are not material to any issue in the case, and (II) they are privileged.

*Were they material?* Section 510.030, V.A.M.S., provides that upon motion of any party showing good cause therefor the court may order any party to produce documents or papers which constitute or contain evidence material to any matter involved in the action. This section is to be given a liberal construction. The tendency is to broaden the scope of discovery when necessary to expedite justice and guard against surprise.[2] It must appear, however, that the evidence so to be produced is material and relevant to the issues.[3] And it cannot (could not) be used merely as a "fishing expedition," or on "mere suspicion," or simply to produce evidence which would be hearsay or would be used only for the purpose of impeachment.[4] But the evidence so produced need not necessarily, standing alone, be competent or relevant. It is sufficient if it forms a chain or link which, when connected with other evidence, will be relevant and material. The simple test is whether the evidence sought *tends* to prove an issue. If it so *tends* it cannot be excluded.[5]

998; State ex rel. Hanks v. Seehorn, 227 Mo.App. 666, 55 S.W.2d 714; State ex rel. Auchincloss, Parker & Redpath, Inc. v. Harris, 349 Mo. 190, 159 S.W.2d 799.

2. State ex rel. Iron Fireman Corporation v. Ward, 351 Mo. 761, 173 S.W.2d 920; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 8 A.L.R.2d 1124 (see annotation at page 1134); State ex rel. Kansas City Public Service Co. v. Cowan, 356 Mo. 674, 203 S.W. 2d 407, 409; see State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 171 S.W.2d 569.

3. State ex rel. Phelps v. McQueen, Mo., 296 S.W.2d 85; State ex rel. Headrick v. Bailey, 365 Mo. 160, 278 S.W.2d 737, 740; State ex rel. Bostelmann v. Aronson, Mo., 235 S.W.2d 384; and cases at footnotes 2 and 4.

4. State ex rel. Kroger Co. v. Craig, Mo. App., 329 S.W.2d 804, and cases at footnote 2 in that case; State v. Kelton, Mo., 299 S.W.2d 493, 497; State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.2d 645, 648, 166 A.L.R. 1425.
Note, however, the questioned order was made and this case was submitted to us prior to April 1, 1960, the effective date of Supreme Court Rule 58.01, V.A. M.R.

5. 20 Am.Jur., Evidence, §§ 251 and 252, p. 245; see Wigmore on Evidence, vol. VI, § 1871, p. 503; 31 C.J.S. Evidence §§ 163, 164, p. 874, see § 177, p. 879; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 8 A.L.R.2d

In a suit against one person where exemplary damages are involved, the defendant's wealth or financial condition is competent and relevant—this upon the long-held theory that punitive damages are for punishment and the jury can better assess a fitting punishment if it has knowledge of defendant's financial situation.[6] The field covered by this character of evidence has usually been referred to in broad terms.[7] But in Traw v. Heydt, Mo.App., 216 S.W. 1009, 1011, the St. Louis Court of Appeals constricted the field by holding that the showing of entirety property was error because such ownership did not enable the appellant *"to respond to any judgment."* And in Brown v. Payne, Mo., 264 S.W.2d 341, 346, the admission of a joint income tax return *in its entirety* was held error. It would therefore appear that any part of the returns which had to do with the wife's income or entirety property would not be relevant or competent.

But the joint return could also show other income of relator in respect to both earned income and income from other property produced without effort on the part of relator, such as, for instance, rentals on real estate and dividends on corporate stock. Without finding it necessary to decide whether last year's salary, in these days of "live it up now," is any evidence of this year's wealth, we observe that a continuous or fixed salary or other income might be subject to garnishment on execution and therefore be a factor in determining "abil-

ity to respond to judgment." The rentals on real estate and income from other investments could be some evidence of the value of the property.[8] And such factors, when taken and "connected up" with other evidence which plaintiff may have, could be relevant and material on the question of relator's total wealth.

Here we find it advisable to state two of the rules applicable to cases of this kind. In a discovery proceeding in the circuit court the burden is upon the movant to show that the documents so desired for examination contain evidence which is material to the issues. State ex rel. Iron Fireman Corporation v. Ward, 351 Mo. 761, 173 S.W.2d 920, 923, and cases *post*. But when we consider the question here on prohibition the presumption is that of right action on the part of the respondent. The relator has the burden to establish that the respondent acted without reasonable basis for his order and thus exceeded his jurisdiction. State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 8 A.L.R.2d 1124; State ex rel. Headrick v. Bailey, 365 Mo. 160, 278 S.W. 2d 737; State ex rel. Terminal Railroad Association of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69; State ex rel. Clemens v. Witthaus, 360 Mo. 274, 228 S.W.2d 4; see State ex rel. Phelps v. McQueen, Mo., 296 S.W.2d 85.

We do not know what showing the respondent had before him at the hear-

1124; see Adams v. Moberg, 356 Mo. 1175, 205 S.W.2d 553, 557.

6. See cases at West's Missouri Digest, Damages, ▆▆▆ Sedgwick on Damages, 9th ed., vol. I, § 385, p. 750.

7. Thus: "the intelligence, standing, and affluence of the tort-feasor, and other like circumstances," State ex rel. St. Joseph Belt Ry. Co. v. Shain, 341 Mo. 733, 108 S.W.2d 351, 356; "condition in life and circumstances," Trimble v. Foster, 87 Mo. 49, 54; "financial condition," Sperry v. Hurd, 267 Mo. 628, 185 S.W. 170, 174; Schafer v. Ostmann, 172 Mo.

App. 602, 155 S.W. 1102; "financial ability," Eagleton v. Kabrich and Longley, 66 Mo.App. 231, 237; "worth," McAnarney v. Commonwealth Loan Co., Mo. App., 208 S.W.2d 480, 488; "wealth and financial standing," Schafer v. Ostmann, 148 Mo.App. 644, 129 S.W. 63, 65.

8. 15 Am.Jur., Damages, § 348, p. 787; Cox v. McKinney, 212 Mo.App. 522, 258 S.W. 445; State ex rel. State Highway Commission v. Flynn, Mo.App., 263 S.W. 2d 854, 857; see annotation 7 A.L.R. 171; see 31 C.J.S. Evidence § 181, p. 882, and following; see Moffit v. Hereford, 132 Mo. 513, 514, 34 S.W. 252.

ing. We find attached to respondent's suggestions copy or partial copy of relator's deposition, wherein it appears that the relator was somewhat evasive, suffered some memory loss, and in some instances flatly refused to answer questions in reference to his financial circumstances. Whether the court had this deposition before him we do not know, but in the absence of any showing that there did not exist "some basis for an inference that the paper contains material evidence" (State ex rel. Missouri Pacific R. Co. v. Hall, 325 Mo. 102, 27 S.W. 2d 1027, 1028), and when the documents are "reasonably probable to be material," [9] we must presume that the court acted rightly. A movant should not be held on "too strict a showing" of the content of a record which he has never seen. State ex rel. Iron Fireman Corporation v. Ward, supra, 173 S.W.2d loc. cit. 923; State ex rel. Cummings v. Witthaus, supra, 219 S.W.2d loc. cit. 387, and cases there cited. We recognize that the order to produce cannot ordinarily be so broad as to include both relevant and inadmissible matters. [10] But in this case we know of no way the court could have ordered an examination of the returns for relevant evidence without opening the whole returns. As to just what portions of the returns will be admissible in evidence can be decided only at the trial, but we are of the opinion that the relator has not met his burden of showing that the respondent acted in excess of his jurisdiction on the question of relevancy.

*On the question of privilege:* Lois Boswell, wife of the relator, and Independent Stave Company, a corporation, have joined in the petition for prohibition. The question then involves the privilege of (a) the maker of an income tax return who is a party to the suit, (b) a joint maker who is not a party, (c) an independent corporation which is not a party but has paid dividends to (and perhaps had other dealings with) the maker of the return.

Relator contends that the effect of the federal statute (26 U.S.C.A. § 7213) and the state statute (143.270, RSMo, V.A. M.S.) makes the copies of all income tax returns privileged as a communication between the taxpayer and his government.[11] We do not so read the statutes, and the majority of authority and the present tendency is that there is no absolute privilege in respect to copies of income tax returns in favor of the taxpayer against the valid process of a court engaged in a proper inquiry within its jurisdiction.[12]

9. Bush v. Chicago, Burlington & Quincy R. Co., D.C., 22 F.R.D. 188; June v. George C. Peterson Co., 7 Cir., 155 F.2d 963, 967.

10. State ex rel. Chicago, R. I. & P. R. Co. v. Woods, 316 Mo. 1032, 292 S.W. 1033, 1036; State ex rel. Clemens v. Witthaus, 360 Mo. 274, 228 S.W.2d 4; State ex rel. Bostelmann v. Aronson, Mo., 235 S.W.2d 384; State ex rel. Kroger Co. v. Craig, Mo.App., 329 S.W.2d 804.

11. Citing Maddox v. Wright, D.C., 103 F. Supp. 400; Austin v. Aluminum Co. of America, D.C., 15 F.R.D. 490; O'Connell v. Olsen & Ugelstadt, D.C., 10 F.R.D. 142; see also Peterson v. Peterson, 70 S.D. 385, 17 N.W.2d 920.

12. 58 Am.Jur., Witnesses, § 536, p. 301; see Kingsley v. Delaware, Lackawanna & Western R. Co., D.C., 20 F.R.D. 156, 159; Bush v. Chicago, Burlington & Quincy Ry. Co., D.C., 22 F.R.D. 188; Star v. Rogalny, D.C., 22 F.R.D. 256; Rubenstein v. Kleven, D.C., 21 F.R.D. 183; Court De Graw Theatre v. Loew's Incorporated, D.C., 20 F.R.D. 85; Konczakowski v. Paramount Pictures, D.C., 19 F.R.D. 361; Karlsson v. Wolfson, D.C., 18 F.R.D. 474; Tollefsen v. Phillips, D.C., 16 F.R.D. 348; Mullen v. Mullen, D.C., 14 F.R.D. 142; Nola Electric, Inc. v. Reilly, D.C., 11 F.R.D. 103, 106; Connecticut Importing Co. v. Continental Distilling Corporation, D.C., 1 F.R.D. 190; Reeves v. Pennsylvania R. Co., D.C., 80 F.Supp. 107, 108; The Sultana, D.C., 77 F.Supp. 287; Leonard v. Wargon, Sup., 55 N.Y.S.2d 626; Mullins v. Baker, W.Va., 107 S.E.2d 57; Currier v. Allied New Hampshire Gas Co., 101 N.H. 205, 137 A.2d 405; see Ex parte Frye, 155 Ohio St. 345, 98 N.E.2d 798, 802; see In re Fife's Estate, 164 Ohio St. 449, 132 N.E.2d 185; Barron & Holtzoff, Federal Practice & Procedure, vol. 2, § 798, p. 512.

We are unable to find any Missouri case which squarely passes upon this point, although it may be said to have been touched in State ex rel. Cummings v. Witthaus, supra, 219 S.W.2d loc. cit. 388. Brown v. Payne, supra, 264 S.W.2d 341, cited by both sides, we think does not really decide the question. We are of the opinion that the copies, when relevant, are not privileged.

As for any other privilege which might be claimed by the wife or corporation:

The constitutional limitations upon search and seizure apply only to the owner or person in possession. State v. Green, Mo., 292 S.W.2d 283, and cases cited at loc. cit. 286. The documents called for were not the property of or in possession of the corporation. Under these circumstances papers which disclose the amounts paid by a corporation are "in no wise privileged." State ex rel. Ozark Cooperage & Lumber Co. v. McElhinney, Mo., 253 S.W. 1063. The only limitation on discovery is that the paper sought to be produced must be in possession and it must be material, for the discovery statutes permit "a limited invasion, in a limited manner, of one's fundamental rights." State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 171 S.W.2d 569, 570; see State ex rel. Ross v. Sevier, 334 Mo. 977, 69 S.W.2d 662, 666.

The only other strict privilege which the wife might assert would be upon the ground of confidential communication. But communications between husband and wife as to transaction of purely business matters are often not privileged as marital confidences.[13] And it is the burden of the person asserting the privilege to show the circumstances which bring him under it.[14]

We are not here dealing with the *admissibility* of the whole return—that will be ruled upon at the trial. All we are here deciding is whether the inspection of the return is to be prevented by the fact that it includes some items which are probably not admissible. We think that where the wife voluntarily joined in the return and secured the benefit of that action she cannot now contend that the return is so contaminated by her marital privilege as to preclude its production by discovery process for the ascertainment of other income which may be relevant evidence.

We apprehend that, notwithstanding the fact that a document may not be strictly privileged, its production may sometimes constitute "an unreasonable invasion of * * * right of privacy." State ex rel. Clemens v. Witthaus, supra, 228 S.W.2d loc. cit. 10.[15] "Justice to all concerned" may be considered in passing on whether the document is of such evidentiary value as to demand its production. 97 C.J. S. Witnesses § 25 g, p. 389. And the court might in some instances be required to exercise discretion in determining whether a person not a party may be so unduly affected by the exposure of his or her private affairs as to overbalance the need for and value of the production of the document through the processes of discovery.[16] Also we think the court might in its discretion hedge the examination of the document

13. 58 Am.Jur., Witnesses, § 380, p. 223; 97 C.J.S. Witnesses § 269d, p. 772; see Brooks v. Brooks, 357 Mo. 343, 208 S.W.2d 279, 4 A.L.R.2d 826, see annotation at page 835. For production of wife's return see Mullen v. Mullen, D.C., 14 F.R.D. 142.

14. Vermillion v. Prudential Ins. Co. of America, 230 Mo.App. 993, 93 S.W.2d 45.

15. As to right of privacy, see discussion and review of authorities in Biederman's of Springfield, Inc. v. Wright, Mo., 322 S.W.2d 892. As to disclosure of trade secrets, see State ex rel. Schlueter Mfg. Co. v. Beck, 337 Mo. 839, 85 S.W.2d 1026, 1033.

16. 27 C.J.S. Discovery § 71(6), p. 218; see Connecticut Importing Co. v. Continental Distilling Corporation, D.C., 1 F.R.D. 190 (13); Garrett v. Faust, D.C., 8 F.R.D. 556; Welty v. Clute, D.C., 2 F.R.D. 429; see Currier v. Allied New Hampshire Gas Co., 101 N.H. 205, 137 A.2d 405.

with such reasonable restrictions as are possible and practicable in order to protect the privacy in respect to matters not material to the case.[17] But none has been asked in this case; and the fact that one party might possibly subject himself to civil or criminal penalty for transmitting or publishing private matters which are (later) determined to be not relevant to the issues

is not, alone, sufficient justification for us to say the court has abused his discretion in ordering the production of the document for inspection.

The preliminary writ is quashed.

STONE, P. J., and McDOWELL, J., concur.

17. For instance, see Baim & Blank, Inc. v. Bruno-New York, Inc., D.C., 17 F.R.D. 346; Gray v. Schneider, C.C., 119 F. 474; National Clay Products Co. v. District Court, 214 Iowa 960, 243 N.W. 727; Fairbanks Morse & Co. v. District Court, 215 Iowa 703, 247 N.W. 203. As to discretion concerning manner of taking testimony prior to trial, see State ex rel. Nichols v. Killoren, Mo.App., 285 S.W.2d 38.