STATE ex rel. VON HOFFMAN PRESS, INC., a Missouri Corporation, Relator,

v.

The Honorable Milton SAITZ, Judge, St. Louis County, Division 17, Respondent.

No. 42512.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1980.

James D. Eckhoff, Gary L. Vincent, Fordyce & Mayne, Clayton, for relator.

John Ashcroft, Atty. Gen., J. Kent Lowry, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

A petition for an alternative writ of mandamus was filed by relator Von Hoffman Press, Inc. requesting this court to order the respondent circuit judge to deny a motion to quash filed by the Department of Revenue of the State of Missouri. The motion to quash was directed to a notice to take the deposition of the custodian of records of the Department of Revenue concerning certain tax information and to produce documents relating to registration, licenses and tax returns filed by other taxpaying companies. An alternative writ of mandamus was issued.

This court finds respondent acted in excess of his jurisdiction in granting the motion to quash and makes the alternative writ of mandamus peremptory.

The suit underlying the petition for an alternative writ of mandamus was instituted by relator to review the decision of the Department of Revenue to make an additional assessment of unpaid sales and use taxes. Relator filed a petition for reassessment or abatement after the additional assessment was made, and the additional assessment was then affirmed by a hearing officer of the Department of Revenue. Relator then petitioned the circuit court for review of the hearing officer's decision.

Relator contends that the use tax assessments should be set aside because the tax should have been imposed on the vendors of the merchandise as a sales tax. Most of the vendors in question were not incorporated in nor do they have a principal place of business in Missouri, although one of the vendors is a Missouri corporation. Others are active and are duly qualified to do business in Missouri. Relator contends that the sellers in question were required to collect the sales tax because no exemption certificates were issued to them, and that if the sales taxes were not collected, the Department of Revenue's only recourse is against the sellers to collect the tax.

Relator filed a notice of deposition requesting the Department of Revenue to produce its custodian of records and the following documents:

"1. Each and every, all and any Retail Sales Licenses filed by the Companies as required by § 144.083 RSMo.

2. Each and every, all and any registrations with the Director of Revenue filed by the Companies pursuant to § 144.650 RSMo. including the names and addresses of all agents operating in this State, the location of all distribution or sales houses or offices or other places of business in this State and any other information required by the Director of Revenue.

3. Each and every, all and any sales tax returns filed by the Companies as required by § 144.100.

4. Each and every, all and any use tax returns filed by the Companies as required by § 144.655 RSMo.

5. Each and every, all and any corporate, partnership or individual tax returns filed by the Companies.

6. Each and every, all and any franchise tax returns filed by the Companies."

The "companies" referred to were 23 businesses from which relator had purchased various items during the period May 1, 1974 to April 30, 1976. The Department of Revenue has assessed a use tax against relator based on these purchases.

The Director of Revenue filed a motion to quash the notice of deposition on the grounds that § 32.057, RSMo.Supp.1979, prohibited disclosure of the information sought. The trial court granted the motion. Relator now seeks to have this court order respondent to set aside his grant of the motion to quash and instead deny the mo-

tion and permit the deposition to be taken and the records produced.

■ Respondent argues that § 144.120, RSMo.1969 (repealed by H.B.No.296, 1979) be applied to relator's cause rather than § 32.057, RSMo.Supp.1979, which superseded § 144.120. Arguably, § 144.120 provided greater protection to the taxpayer, although it is by no means patently clear, as contended by respondent, that the repealed statute would have prohibited discovery of the information sought by relator. Without ruling on whether the repealed statute would have prevented disclosure of the records in question, this court finds § 32.057, RSMo.Supp.1979 to be applicable. It was in effect at the time of the notice to produce the documents. It is a procedural statute which may be applied retrospectively. Further, the Department of Revenue did not rely on or even mention § 144.120, RSMo. 1969 in the trial court but based its argument entirely on the new § 32.057, RSMo. Supp.1979.

Respondent argues now that § 32.057 may not be applied retrospectively. Article 1, Section 13 of the Missouri Constitution provides: "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." However, "[a] statute dealing only with procedure or the remedy applies to all actions falling within its terms whether commenced before or after the enactment unless a contrary

intention is expressed." *Darrah v. Foster*, 355 S.W.2d 24, 29[3] (Mo.1962). *State ex rel. LeNeve v. Moore*, 408 S.W.2d 47, 48–49[1] (Mo. banc 1966).

■ There is no absolute or vested right at issue here. *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 762[16] (Mo.App.1960). Confidentiality of returns is a statutory privilege granted to taxpayers to facilitate tax administration. Limited confidentiality is merely one procedure or method by which the government seeks to encourage honesty in reporting and to avoid the risk of loss of the documents and the inconvenience of frequent demands for the production of returns. As a procedural statute, § 32.057 may be applied retrospectively and is the proper statute to be applied to the present facts.

There is no case law governing the construction of § 32.057, RSMo.Supp.1979, which repealed § 143.976, § 143.981 and § 144.120 and amended § 144.121, RSMo. 1978. Cases cited by relator and respondent dealt with these repealed sections and as such are of only tangential value in interpreting § 32.057.[1]

■ Rules of nondisclosure of information in the possession of government officials were unknown at common law. 165 A.L.R. 1302, 1308, 1309. The scope of the privilege must, therefore, be determined primarily by the words and intent of the pertinent statute. Words used in statutes

---

1. *Director of Revenue v. State Auditor*, 511 S.W.2d 779 (Mo.1974) held that under §§ 143.-270, 144.120 and 146.090, RSMo.1969 the state auditor was not entitled to access to the identity of taxpayers because that information was not *necessary* to the performance of his statutory duty. In *State ex rel. Caloia v. Weinstein*, 525 S.W.2d 779, 781–782[6, 7] (Mo.App.1975), a suit alleging fraud in the transfer of real property, the court stated that income tax returns were public documents so far as the revenue laws were concerned, but that their disclosure for general use was barred. In *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 762–763[16, 17, 18–20] (Mo.1960) the defendant's tax returns were relevant and material to plaintiff's claim for punitive damages in a suit for alienation of affections. The court held that the joint returns of the defendant and his wife

were subject to discovery and were not privileged even though the returns might disclose dividends paid by a corporation which was not a party to the action. The court stated at page 762:

"Relator contends that the effect of the federal statute (26 U.S.C.A. § 7213) and the state statute (143.270, RSMo., V.A.M.S.) makes the copies of all income tax returns privileged as a communication between the taxpayer and his government. We do not so read the statutes, and the majority of authority and the present tendency is that there is no absolute privilege in respect to copies of income tax returns in favor of the taxpayer against the valid process of a court engaged in a proper inquiry within its jurisdiction." [Footnotes omitted].

are to be considered in their plain and ordinary meaning to ascertain the intent of the lawmakers. *State v. Kraus*, 530 S.W.2d 684, 685[1] (Mo. banc 1975).

Section 32.057.2 reads in pertinent part: "2. Nothing herein shall be construed to prohibit:

(1) The disclosure of information, returns, reports, or facts shown thereby, as described in the above subsection 1 of this section, by any officer, clerk or other employee of the department of revenue charged with the custody of such information:

(a) To a taxpayer or his duly authorized representative under regulations which the director of revenue may prescribe;

(b) In any action or proceeding civil, criminal or mixed, brought to enforce the revenue laws of this state;

(c) On behalf of the director of revenue, in any action or proceeding to which he is a party, or on behalf of any party to any action or proceeding under the revenue laws of this state when such information is directly involved in the action or proceeding, in either of which events the court may require the production of, and may admit in evidence, so much of said information as is pertinent to the action or proceeding and no more;
. . . ."

Respondent asserts that § 32.057.-2(1)(c), RSMo.Supp.1979 limits discovery to information pertaining to the taxpayer who is a party to the suit. Not so. The relator may request his own returns under § 32.-057.2(1)(a). Nowhere does § 32.057.2(1) expressly restrict disclosure to the returns of parties only. To construct a restriction where the plain words of the statute do not would result in an amendment to the statute not intended by the legislature, an action beyond the powers of this court.

Section 32.057 was enacted to provide uniform confidentiality for all taxes administered by the Department of Revenue. Its primary purpose is to prevent unauthorized disclosure of confidential information. The statute prohibits voluntary disclosure, but was not intended to impede justice by prohibiting the production of necessary records in judicial proceedings. This provision should be construed so that legitimate judicial inquiry is not limited and the right of a litigant to call for evidence affecting his substantive rights is not unnecessarily infringed. The modern tendency is to broaden the scope of discovery when necessary to facilitate preparation, guard against surprise and expedite justice. *State ex rel. Boswell v. Curtis, supra*, 760[2]. The disputed information is freely available to the Department of Revenue in the case under review. Fundamental fairness would require disclosure of the information to relator if indeed it is directly involved in the proceeding to assess additional tax against the relator.

The discovery order to disclose the returns would not, as the Attorney General contends, undermine the purpose of § 32.-057 to encourage honesty in reporting. Disclosure is limited to those exceptions defined in the statute. Additionally, dishonesty is more directly deterred by the penalty provision of § 144.080, RSMo.1978 which makes violations of the law requiring returns a misdemeanor.

The Attorney General further argues that this construction makes any and all records of all taxpayers of the State of Missouri available to all taxpayers involved in disputes over their tax liability. This apprehension is groundless. Section 32.-057.2(1)(c) states that disclosure can only be had "when such information is directly involved in the action or proceeding . . . ."

The requested licenses, registrations and returns may be disclosed, subject to any measures the trial court may deem necessary to limit disclosure to pertinent information and to protect as far as practicable the privacy of the out-of-state vendors in matters not material to the case. *State ex rel. Boswell v. Curtis, supra*, 763–764[23–27].

Section 32.057, RSMo.Supp.1979 is not a bar to the discovery of information and

documents in possession of the Department of Revenue in a proceeding under revenue laws of Missouri when the information and documents are relevant to that proceeding. The alternative writ of mandamus is made peremptory.

STEWART, P. J., and WEIER, J., concur.