Dear Representative Piekarski:
This official opinion is in response to your question asking:
 Does the state auditor of Missouri have the right of access to individual income, corporate income, and withholding tax returns and other related records held by the Director of the Department of Revenue (1) for auditing purposes? (2) for purposes of establishing an appropriate accounting system for the Department of Revenue?
The duties of the State Auditor are prescribed in Article IV, Section 13, of the Missouri Constitution, as follows:
 The state auditor shall have the same qualifications as the governor. He shall establish appropriate systems of accounting for all public officials of the state, post-audit the accounts of all state agencies and audit the treasury at least once annually. He shall make all other audits and investigations required by law, and shall make an annual report to the governor and general assembly. He shall establish appropriate systems of accounting for the political subdivisions of the state, supervise their budgeting systems, and audit their accounts as provided by law. No duty shall be imposed on him by law which is not related to the supervising and auditing of the receipt and expenditure of public funds.
Additionally, there are a number of statutes that speak to the State Auditor's duty and authority to postaudit the accounts of all state agencies and to establish appropriate systems of accounting for all public officials of the state.
Section 29.180, RSMo 1978, provides that:
 The state auditor in cooperation with the budget director shall establish appropriate systems of accounting for all officers and agencies of the state, including all educational and eleemosynary institutions, and he shall also prescribe systems of accounting for all county officers. such systems of accounting shall conform to recognized principles of governmental accounting and shall be uniform in application to offices of the same grade and kind and to accounts of the same kind. Such systems of accounting shall be adequate to record all assets and revenues accrued, all liabilities and expenditures incurred, as well as all cash receipts and disbursements, and all transactions affecting the acquisition and disposition of property, including the preparation and keeping of inventories of all property. Each department shall keep such accounts in accordance with the system of accounts prescribed by the auditor.
Section 29.200, RSMo 1978, states:
 The state auditor shall postaudit the accounts of all state agencies and audit the treasury at least once annually. Once every two years, and when he deems it necessary, proper or expedient, the state auditor shall examine and postaudit the accounts of all appointive officers of the state and of institutions supported in whole or in part by the state. He shall audit any executive department or agency of the state upon the request of the governor.
Section 29.235, RSMo 1978, provides that:
 1. All audits shall conform to recognized governmental auditing practices.
 2. The state auditor and any person appointed by him for that purpose may administer oaths and cause to be summoned before them any person whose testimony is desired or necessary in any examination, and may require the person to produce necessary papers, documents and writings. (Emphasis added.)
Section 29.130, RSMo 1978, states:
 The state auditor shall have free access to all offices of this state for the inspection of such books, accounts and papers as concern any of his duties. (Emphasis added.)
The confidentiality of returns, reports and other information received by the Department of Revenue in connection with the administration of the tax laws of this state is established by Section32.057, RSMo Supp. 1982, which provides in relevant part:
 1. Except as otherwise specifically provided by law, it shall be unlawful for the director of revenue, any officer, employee, agent or deputy or former director, officer, employee, agent or deputy of the department of revenue, any person engaged or retained by the department of revenue on an independent contract basis, any person to whom authorized or unauthorized disclosure is made by the department of revenue, or any person who lawfully or unlawfully inspects any report or return filed with the department of revenue or to whom a copy, an abstract or a portion of any report or return is furnished by the department of revenue to make known in any manner, to permit the inspection or use of or to divulge to anyone any information relative to any such report or return, any information obtained by an investigation conducted by the department in the discharge of official duty, or any information received by the director in cooperation with the United States or other states in the enforcement of the revenue laws of this state. Such confidential information is limited to information received by the department in connection with the administration of the tax laws of this state.
 2. Nothing herein shall be construed to prohibit:
 (1) The disclosure of information, returns, reports, or facts shown thereby, as described in the above subsection 1 of this section, by any officer, clerk or other employee of the department of revenue charged with the custody of such information:
* * *
 (c) To the state auditor or his duly authorized employees as required by subsection 4 of this section;
* * *
 4. The state auditor or his duly authorized employees who have taken the oath of confidentiality required by section 29.070, RSMo, shall have the right to inspect any report or return filed with the department of revenue if such inspection is related to and for the purpose of auditing the department of revenue; except, that the state auditor or his duly authorized employees shall have no greater right of access to, use and publication of information, audit and related activities with respect to income tax information obtained by the department of revenue pursuant to chapter 143, RSMo, or federal statute than specifically exists under the laws of the United States and of the income tax laws of the state of Missouri. (Emphasis added.)
Any person violating any provision of Section 32.057 shall, upon conviction, be guilty of a class D felony. Section 32.057.3.
In Director of Revenue v. State Auditor, 511 S.W.2d 779 (Mo. 1974), the Supreme Court of Missouri held that the State Auditor, in the performance of his constitutional duty to postaudit the accounts of the Department of Revenue, was not entitled to access to individual income, sales, and intangible tax returns in the custody of the Department and which were protected by statute from disclosure by the Department. In so holding, the court found no conflict between (1) the constitutional and statutory provisions relating to the Auditor's duty and authority to postaudit the accounts of the Department of Revenue and (2) former Sections 143.270, 144.120 and 146.090, RSMo 1969, prohibiting the disclosure of individual income, sales, and intangible tax returns in the custody of the Department of Revenue. The court held that access to taxpayers' returns was not necessary to the performance by the State Auditor of his constitutional and statutory duty to postaudit the accounts of the Department of Revenue (see State ex rel. Von Hoffman Press, Inc. v. Saitz,607 S.W.2d 219, 221 (Mo.App. 1980)), and that access to such documents was properly withheld from the Auditor as provided by former Sections 143.270, 144.120 and 146.090.
Unlike the confidentiality statutes construed in Director ofRevenue v. State Auditor, supra, Section 32.057 does not prohibit absolutely the inspection of tax returns or reports filed with the Department of Revenue. Subsection 2(1) (c) expressly authorizes the disclosure of such documents "[t]o the state auditor or his duly authorized employees as required by subsection 4 . . ." Subsection 4 provides that the State Auditor or his duly authorized employees shall have the right to inspect any report or return filed with the Department of Revenue "if such inspection is related to and for the purpose of auditing the Department of Revenue; . . ."
We do not regard the above-quoted clause in subsection 4 of Section 32.057 as establishing any different criterion by which to determine the State Auditor's right to inspect such documents than the one enunciated by the Supreme Court in Director of Revenue v.State Auditor, supra. We think that case stands for the proposition that access to taxpayers' returns and reports is not necessary to the proper performance of the State Auditor's constitutional and statutory duty to postaudit the accounts of the Department of Revenue. Consequently, it is our view that a proposed inspection of such returns or reports by the State Auditor is not one that is "related to and for the purpose of auditing the Department of Revenue" as provided in subsection 4 of Section 32.057, and that denial of access to such documents is required because of the prohibition against disclosure as provided in subsection 1 of Section 32.057.
With respect to the second part of your question, we observe that subsection 4 of Section 32.057 does not provide for any right of inspection by the State Auditor for any purpose except auditing; it does not purport to authorize any inspection of taxpayers' returns or reports for the purpose of establishing appropriate accounting systems. Therefore, we believe that the answer to the second part of your question requires a determination of whether there is any conflict between (1) the constitutional and statutory provisions prescribing the duty and authority of the State Auditor to establish appropriate accounting systems for all offices and agencies of the state and (2) subsection 1 of Section 32.057 which prohibits absolutely the disclosure of the documents and information described therein.
We are unaware of any Missouri appellate decisions construing those provisions in Article IV, Section 13, of the Missouri Constitution, and in Section 29.180 relating to the duty and authority of the State Auditor to "establish appropriate systems of accounting" for officers and agencies of the state. We considered such provisions at some length in Opinion Nos. 58 and 60 (1976), wherein we stated:
 The words used in Article IV, Section 13, are clear and unequivocal. The State Auditor ". . . shall establish appropriate systems of accounting for all public officials of the state, . . ."
 The meaning is plain and unequivocal. "Establish" means to set up on a secure or permanent basis. The Oxford English Dictionary (Compact Edition, Oxford University Press, 1971). Therefore, we believe that the people of Missouri in adopting Article IV, Section 13, intended that their State Auditor have the responsibility of designing and requiring the implementation of appropriate systems of accounting for all public officials of the state. We find no constitutional provision granting to any other public official such authority.
* * *
 [T]he General Assembly cannot by statute infringe upon the constitutional authority of the State Auditor "to establish appropriate systems of accounting . . ."
We are unable to discern from the information provided in the opinion request whether, or to what extent, the inspection of taxpayer returns and reports is necessary to enable the State Auditor properly to perform his constitutional duty to establish accounting systems for the Department of Revenue. That issue was not raised or addressed in Director of Revenue v. State Auditor, supra. However, we believe that the rationale expressed by the Supreme Court in that case would be similarly applicable to the resolution of any question regarding access by the State Auditor to taxpayer returns or reports for the purpose of establishing appropriate accounting systems for the Department of Revenue.
Therefore, we surmise that notwithstanding the confidentiality provisions in Section 32.057, the State Auditor would have the right to inspect taxpayers' returns and reports filed with the Department of Revenue upon his demonstrating that access to such documents is necessary to the proper performance of his duty to establish appropriate systems of accounting for the Department of Revenue. In the absence of such a showing made by the State Auditor, we believe the confidentiality provisions of Section 32.057 would operate to prohibit such inspection by the State Auditor.
CONCLUSION
It is the opinion of this office that the State Auditor does not have the right to inspect individual income, corporate income, and withholding tax returns, and other documents and information described in Section 32.057, filed with the Department of Revenue, unless the inspection of such documents is necessary to the proper performance of his constitutional duty to postaudit the accounts of the Department of Revenue or to the proper performance of his constitutional duty to establish appropriate accounting systems for the Department of Revenue.
Very truly yours,
 JOHN ASHCROFT Attorney General