**STATE of Missouri ex rel. Brent DOVER, Relator,**

v.

**The Honorable Judge Garry LEWIS, Respondent.**

**No. WD 35080.**

Missouri Court of Appeals, Western District.

Feb. 21, 1984.

John Clark Banning, Kirksville, for relator.

Brent John Mayberry, Kirksville, for respondent.

Before NUGENT, P.J., and DIXON and KENNEDY, JJ.

NUGENT, Presiding Judge.

In this action in prohibition relator, Brent Dover, defendant in the underlying case, challenges the authority of the respondent judge to prevent discovery in a small claims case pending trial in the circuit court on the defendant's application for trial de novo. We have issued our preliminary rule in prohibition, and we now make that rule absolute.

The simple issue is whether discovery pursuant to Rules 57.01 and 57.03 is available to a party to a case pending for trial de novo in an action commenced in the small claims court in light of the provision of § 512.310 [1] that "the trial de novo shall be governed by the practice in trials before circuit court judges ...."

In the underlying case, plaintiff Rhett Lawson obtained judgment against relator in the small claims court in the Associate Division of the Circuit Court of Adair County. Relator then applied for a trial de novo. Section 482.365.2 and Rule 154.01 authorize a trial de novo as provided in §§ 512.180 to 512.320. Section 512.180 grants any person aggrieved by a judgment rendered by an associate circuit judge the right of a trial de novo. Section 512.310 provides that, "[t]he trial de novo shall be governed by the practice in trials before

circuit judges, except that by agreement of parties the case may be tried by a jury of not less than six persons."

In the circuit court defendant-relator Dover filed interrogatories pursuant to Rule 57.01(a) and filed a notice of taking deposition pursuant to Rule 57.03 and caused subpoenas to be issued to take such depositions pursuant to Rule 57.09. Plaintiff Lawson then sought from the circuit court a protective order and an order to quash the subpoenas on the ground that interrogatories and depositions are inappropriate in a small claims trial de novo. The trial judge indicated that he would sustain the motions because discovery is not allowed in such cases.

Prohibition is the proper remedy when a trial court makes an order that constitutes an abuse of discretion in discovery proceedings, *State ex rel. Charterbank of Springfield v. Donegan*, 658 S.W.2d 919, 924 (Mo.App.1983), or where the order exceeds the jurisdiction of the court, *State ex rel. Collins v. Donelson*, 557 S.W.2d 707, 709 (Mo.App.1977). *See also State ex rel. Richardson v. Randall*, 660 S.W.2d 699 (Mo.1983), where the Court, after *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo.1983) (en banc), issued a writ prohibiting the judge from granting the state's motion to divulge the name and address of expert with whom a criminal defendant has consulted but does not intend to call as a witness.

Relator's petition for a writ of prohibition followed. He asserts the trial court's want of jurisdiction to prevent such discovery and the inadequacy of appeal to prevent expense and vexation.

The relator is correct. The clear language of § 512.310 leaves no room for any other conclusion. Once the application for trial de novo has caused the small claims action to be transferred to the circuit court for trial de novo, the rules governing discovery in the circuit court apply.

1. All sectional references are to Revised Statutes of Missouri, 1978. The Rules referred to are the

Missouri Supreme Court Rules.

Neither we nor relator has found a case in this state dealing with this question, but analogous cases support our conclusion. In *Manpower, Inc. v. Area Development Corp.*, 440 S.W.2d 515 (Mo.App.1969), the court held that § 512.310 permitted discovery (requests for admissions) in the event a magistrate court case is tried anew in the circuit court pursuant to the provisions of §§ 512.270 and 512.310. The reasoning of *Manpower* is applicable here.

Accordingly, the preliminary rule restraining respondent from sustaining plaintiff Lawson's motions for a protective order and to quash subpoenas is now made absolute.

All concur.