**STATE of Missouri, ex rel. Robert WOHL, Relator,**

**and**

**Bettie Wohl, Intervenor/Relator,**

**v.**

**The Honorable Edward L. SPRAGUE Judge of the Twenty-First Judicial Circuit of the State of Missouri, and, as such, Judge of the Circuit Court of the County of St. Louis, Missouri, Respondent.**

**No. 51215.**

Missouri Court of Appeals, Eastern District, Division Five.

June 3, 1986.

Robert G. Brady & David S. Slavkin, St. Louis, for relator and intervenor/relator.

Sanford Goffstein & Don R. Sherman, St. Louis, for respondent.

SATZ, Judge.

This is an action in prohibition. The respondent circuit judge has ordered relator, Robert Wohl, a defendant in the action below, to produce his federal and state income tax returns for the years 1978 through 1982. Relator seeks our writ to prohibit respondent from enforcing his order. We have issued our preliminary writ and now make it permanent.

In the underlying action, plaintiff, Elaine Wohl, is suing her former husband, Mark Wohl, and his father, relator. Elaine claims fraud in the alleged sale of certain stock by Mark to relator. According to Elaine, this sale of stock affected the terms of the settlement agreement in a dissolution action between Elaine and Mark. Mark allegedly represented to Elaine he had sold his stock to relator for $17.00, when, in fact, Elaine alleges, the stock actually had a value in excess of $200,000.00. Based upon this alleged misrepresentation, Elaine is now suing Mark and relator in three Counts: Count I—is a request to set aside the settlement agreement and to re-open the dissolution action; Count II—is an action for actual and punitive damages for "fraudulent misrepresentation;" and Count III—is an action for actual and punitive damages for "fraudulent conspiracy."

In the course of discovery, Elaine served relator with a Request for Production of Documents. Among the documents requested were relator's federal and state income tax returns for each year since 1978. Relator objected to this request. The respondent judge sustained the request, limiting it, however, to relator's tax returns for the years 1978–1982. Relator's petition for writ of prohibition followed. Relator's wife has filed a motion to intervene in the prohibition proceeding, claiming the requested tax returns are joint returns

which contain information she deems private and confidential.

■ At the outset, we sustain the motion of relator's wife and permit her to join with relator.

■ Respondent questions the procedural propriety of issuing the preliminary writ. We appreciate the reasons for respondent raising this issue. If the grounds for issuing a preliminary writ of prohibition were ever precisely defined, they no longer are. *See State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861 (Mo. banc 1986); *State ex rel. Faith Hospital v. Enright*, 706 S.W.2d 852 (Mo. banc 1986). *See also State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 504–06 (Mo.App.1985) (Satz, J., concurring). For our purposes here, however, there is no question the writ may be used to test whether the trial court abused its discretion in denying or granting discovery. *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 327 (Mo.App.1985) (Eastern District); *State ex rel. Dover v. Lewis*, 666 S.W.2d 35, 36 (Mo.App.1984) (Western District); *State ex rel. Charterbank Springfield, N.A. v. Donegan*, 658 S.W.2d 919, 924 (Mo.App.1983) (Southern District). Relator, as the moving party before us, does have the burden of establishing the trial court abused its discretion in ordering production of the tax returns in question. *See, e.g., State ex rel. Syntex Agri-Business, Inc. v. Adolph*, 700 S.W.2d 886, 887 (Mo.App.1985); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 761 (Mo. App.1960). We find he has met that burden.

We have recently considered a similar order for production of documents, including joint tax returns, and, in prohibiting the enforcement of that order, we stated the trial court must balance the need to obtain the information requested against the burden and intrusiveness in furnishing it, especially when the privacy of a nonparty is involved. *See State ex rel. Anheuser v. Nolan*, 692 S.W.2d at 328. To ensure a proper balance is achieved, we specifically stated

> even though the information sought is properly discoverable, upon objection the trial court should consider whether the information can be adequately furnished in a manner less intrusive, less burdensome or less expensive than that designated by the requesting party. *Id.*

There is no indication in the present record this consideration was made in a relevant manner. The trial court did limit Elaine's request for the returns, but the limitation bears no relation to satisfying Elaine's stated reasons for her request.

■ Elaine's request for relator's tax returns, as now limited by the trial court, is narrow in its time span, and, although this narrowed request is part of an extremely broad based and in-depth inquiry,[1] it by itself is obviously not quantitatively burdensome. But there is no question the request still remains a singularly intrusive request. Elaine is not seeking information contained in documents voluntarily made. Tax returns contain information required to be given under penalty of law. Confidentiality of the returns is ensured by statute to encourage honesty in reporting and to facilitate tax administration in general. *E.g., State ex rel. Von Hoffman Press, Inc. v. Saitz*, 607 S.W.2d 219, 221 (Mo.App. 1980). *See also* 26 U.S.C.A. §§ 6103, 7213 (West Supp.1986); §§ 32.057, 143.788, RSMo Supp.1984. This does not mean that tax returns are absolutely privileged against the valid processes of a trial court engaged in a proper inquiry. What it does mean is the information in the return is protected from unnecessary prying, and, therefore, the detailed information in a tax return is protected with the sensible expectation the protective shield will not be lifted unless good cause is shown. None was shown here.

---

1. The request for relator's tax returns is part of a Document Request covering twelve categories of documents. In addition, Elaine directed to

■ Elaine contends relator's[2] joint tax returns "are clearly relevant on the question of whether the transfer of stock took place, because such a transfer is a taxable event." We are not certain of the exact meaning of this contention. If the transfer is a taxable event, it would not be reflected in relator's joint return but would be reflected in Mark's tax return, as a sale or gift. Moreover, from Elaine's contention, we conclude she seeks relator's returns to show the transfer did not take place. Relator, however, has offered to stipulate or swear under oath this transfer is not reflected anywhere in the joint returns. Furthermore, in answer to Elaine's interrogatories, relator stated he has made no other sales or purchases of the stock and will produce the corporate minute book and stock subscription book for her inspection. Since relator, in effect, has admitted the fact Elaine seeks, the fact is no longer in issue. This need claimed by Elaine has been satisfied. *See State ex rel. Kramer v. Carroll*, 309 S.W.2d 654, 658 (Mo.App. 1958). *See also State ex rel. Anheuser*, 692 S.W.2d at 328.

■ Elaine also contends relator's joint returns would be relevant to show relator's wealth and, therefore, would be relevant on Elaine's claim for punitive damages. Admittedly, evidence of relator's financial worth is relevant to the claim for punitive damages, and relator's tax returns could be relevant in establishing relator's wealth. *See, e.g., State ex rel. Boswell v. Curtis*, 334 S.W.2d at 761. However, we see little if any relevancy in relator's 1978–1982 tax returns to relator's present financial wealth. Moreover, Elaine already has a copy of relator's financial statement for 1980. Relator has agreed to bring this statement up to date and furnish Elaine with a sworn statement of his present net worth. If Elaine needs more detailed information than these statements, she can determine those details by deposition or additional interrogatories. If after exhausting these less intrusive methods of inquiry Elaine can demonstrate to the trial court a need for additional or corroborative evidence, the court should determine by an in camera inspection whether an appropriate joint return of relator can fulfill this need. *See State ex rel. Anheuser*, 692 S.W.2d at 328.

Finally, Elaine claims relator's tax returns may show other possible fraudulent transfers affecting her and, thus, furnish relevant evidence of relator's intent to defraud or conspire against her in the present case. *See Pinger v. Guaranty Investment Co.*, 307 S.W.2d 53, 56 (Mo.App.1957). At best, this principle is questionable. More important, Elaine's stated purpose is nothing more than a request to fish through relator's tax returns in the hope of finding something helpful to her case. Admittedly, the cry of "fishing expedition" has lost its appeal. But any speculative satisfaction of Elaine's ostensible needs becomes unjustifiable when contrasted to the method Elaine now chooses to satisfy those needs. Quite simply, our discovery provisions are not designed to be used in this manner. *See State ex rel. Anheuser v. Nolan*, 692 S.W.2d at 328.

The number of questions that may be answered by information gleaned from relator's tax returns is not what is determinative here. What is determinative is the private affairs reflected in the tax returns of relator and his wife—a stranger to the underlying action—will be open to a complete and searching view if production is required. This is a significant invasion of privacy, which is unacceptable without demonstrating the information sought cannot be acquired through less intrusive means. Here, the burden to relator and his wife outweighs Elaine's needs.

For these reasons, we make our preliminary writ in prohibition permanent.

SMITH, P.J., and GARY M. GAERTNER, J., concur.

---

2. For the sake of convenience, we refer to relator in the singular even though intervenor (relator's wife) has been joined in this action.

relator a total of 151 interrogatories and subinquiries.