**STATE of Missouri ex rel. John William FORD, Relator,**

v.

**Honorable George A. ADOLF, Chief Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

No. 52254.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer Denied Jan. 27, 1987.

Application to Transfer Denied March 17, 1987.

D. Eric Sowers, St. Louis, for relator.

T. Michael Ward, St. Louis, for respondent.

DOWD, Presiding Judge.

Relator seeks to have a preliminary writ of mandamus made absolute, compelling respondent to vacate his order sustaining defendants' objections to certain interrogatories served them by relator. The issue presented involves the scope of discoverable information for purposes of determining financial wealth in an action seeking punitive damages.

In the underlying action, plaintiff-relator sought actual and punitive damages against defendants, both attorneys, for wrongful garnishment. Defendants, seeking to enforce a foreign judgment entered pursuant to a dissolution decree against a "Jon Ford," allegedly filed an erroneous execution and garnishment against relator "John W. Ford." Relator claims he is not the same party as the judgment debtor.

In his action for wrongful garnishment, relator served interrogatories on defendants seeking information concerning defendants' financial wealth. Defendants objected to nine of the questions posed which requested information as to: 1) defendants' accounts or deposits held individually or jointly from 1982–86, 2) stocks or mutual funds owned by defendants individually or jointly from 1982–86, 3) bonds, certificates of deposit or other evidence of indebtedness owned individually or jointly from 1982–86, and 4) defendants' income tax returns for the years 1982–85. Respondent contends the information sought by relator is irrelevant and further argues that relevant information of defendants' financial condition can be acquired by less intrusive means, such as a request for financial statements.

■ On October 9, 1986, this court issued a preliminary order in mandamus. Mandamus being appropriate to review a trial court's sustaining of objections to dis-

covery, *St. Louis Little Rock Hospital, Inc. v. Gaertner,* 682 S.W.2d 146, 148 (Mo. App.1984), we now make the writ absolute.

■ It is conceded by respondent that evidence of defendants' financial condition is relevant and admissible in actions seeking punitive damages. *State ex rel. Hall v. Cook,* 400 S.W.2d 39, 42 (Mo. banc 1966). Respondent, however, contends that the information sought by relator is not relevant to the issue of defendants' financial worth.

In support of his position, respondent contends the information sought is inadmissible because relator's interrogatories seek discovery of assets only, not liabilities, and include requests for assets jointly held by defendants with third parties. Respondent argues that for evidence of financial worth to be admissible, it must reflect net worth which represents assets minus liabilities. Respondent further argues that assets jointly held with third parties are not relevant to defendants' net worth.

■ Respondent confuses the concepts of "discovery" and "admissibility of evidence." As an initial matter, a distinction must be made between evidence admissible for the purpose of showing defendants' financial condition and discoverable information pertaining to defendants' wealth. The broad test for discovery is whether or not the information sought could reasonably lead to the discovery of admissible evidence. Rule 56.01(b). Even if only "net worth" is admissible, relator may later seek information pertaining to defendants' liabilities. Evidence of defendants' assets, even those jointly held, can lead to a determination of net worth and are discoverable.

Respondent also contends that the information sought in relator's interrogatories is irrelevant because, in general, the information sought involves past rather than current financial worth and, in particular, respondent contends income tax returns for past years are irrelevant to defendants' current financial condition. Respondent relies on *State ex rel. Wohl v. Sprague,* 711 S.W.2d 583, 586 (Mo.App.1986), and *Hughes v. Groves,* 47 F.R.D. 52, 55 (W.D. Mo.1969), for the proposition that proof of wealth must be limited to current assets and liabilities.

Our courts have previously allowed discovery of similar information in actions involving punitive damages, although admittedly the specific issue of discoverability of "past vs. current" financial data was not before them: *State ex rel. Hall v. Cook, supra,* at 42 (discovery allowed of income tax returns dating back to 1959 and every year thereafter); *State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799, 806 (Mo.App.1972) (discovery allowed as to 1968–70 gross income and income tax returns for those years); *State ex rel. Boswell v. Curtis,* 334 S.W.2d 757, 763 (Mo.App.1960) (discovery allowed as to 1957–58 income tax returns).

In *State ex rel. Wohl v. Sprague, supra,* however, this court made a writ in prohibition permanent, prohibiting the trial court from ordering the relator to produce tax returns for the previous five years. The underlying action in *State ex rel. Wohl* challenged an allegedly fraudulent stock sale. Plaintiff-wife claimed husband sold stock to his father for far less than its worth to defeat the terms of a settlement agreement made pursuant to the dissolution of their marriage.

Wife prayed for punitive damages and sought to discover the income tax returns of husband's father from 1978–82. Father, as relator, sought a writ of prohibition to prohibit the trial court from ordering him to produce the documents. Relator's wife filed a motion to intervene in the prohibition proceeding, claiming the joint returns also contained information private to her.

The court found that while relator's tax returns could be relevant in establishing his wealth, relator's returns from 1978–82 provided little indication of relator's present financial wealth. The court, however, emphasized that relator had already made available to plaintiff a copy of his financial statement for 1980, which he offered to bring up to date. Relator also agreed to provide plaintiff a sworn statement of his present net worth.

The court also stressed the privacy interests of relator's wife, a stranger to the underlying action, and required plaintiff to demonstrate that she could not acquire the

information sought by less intrusive means. Notwithstanding the privacy interests of relator's wife, the court added that if plaintiff could not acquire the necessary information from the documents offered by relator, as supplemented by deposition or further interrogatories, plaintiff could seek an in camera inspection of the joint returns by the court to see whether they contained the desired information. *State ex rel. Wohl, supra,* at 586.

 In the case at bar, defendants have made no offer of equivalent financial documents as in *State ex rel. Wohl.* There is no evidence that relator has an alternative means of acquiring information regarding defendants' financial wealth. Not only is the information sought not superfluous, there is also no intervening party or stranger to the underlying action who claims an invasion of privacy from discovery of the information.

Respondent also relies on the federal case of *Hughes v. Groves, supra.* There, the Federal District Court for the Western District of Missouri sustained defendant's objections to interrogatories seeking defendant's gross earnings for the previous five years. The court concluded that "[p]ast earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages." *Hughes, supra,* at 55.

At the outset we note that a federal court decision is not binding on this court. We find the reasoning in *Hughes* unconvincing as it unjustifiably narrows the federal test for the scope of discovery: "[whether] the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b) F.R.C.P.

Past financial information can be relevant in determining current financial worth. Such information can serve as a monitor of the course and direction of assets and can provide a check on subjective statements of current net worth.

Respondent contends that information of defendants' financial condition can be obtained by less intrusive means. Respondent suggests a financial statement would provide relator with all necessary information. We disagree. Financial statements are highly subjective instruments. Figures can be easily manipulated through creative accounting methods. In contrast, the income tax return provides objective financial information. Without the availability of alternative financial data, such as that requested by relator, a financial statement would be unverifiable.

Respondent does not seem to attack the period of five years prior to suit as unreasonable. While we believe there must be some limitations on the scope of discovery of past financial data, we do not believe a request for financial information dating back five years is overburdensome in an action where punitive damages are at issue. We conclude that under the facts of this case, where the information sought is not superfluous to equivalent information already in relator's possession and the privacy interests of a non-party are not involved, relator's need in obtaining the requested information outweighs defendants' burden in furnishing it.

The preliminary order in mandamus is made absolute.

PUDLOWSKI and KELLY, JJ., concur.