Raymond T. Wagner, Jr., Director Department of Revenue Post Office Box 311 Jefferson City, Missouri 65102
Dear Director Wagner:
This opinion is in response to the following questions submitted by the prior Director of Revenue:
 The Director of Revenue requests an Attorney General's opinion on the appropriateness of sharing confidential tax information with:
 (1) The State Lottery Commission in order to offset existing tax liabilities against lottery prizes exceeding $5,000 in accordance with [§ 313.321.6, RSMo Supp. 1990].
 (2) The Office of Administration in order to offset existing tax liabilities against sums the state owes to vendors who have entered into contracts with the state pursuant to § 140.855, RSMo 1986. (3) Private attorneys and/or professional collection agencies in order to collect taxes owed to the Director of Revenue pursuant to § 140.850, RSMo 1986.
 (4) The "quick print" facility operated by the Office of Administration — the sharing involved here only reflects any information which might be acquired in the process of copying the records of the Department of Revenue.
Your questions must be addressed in light of Section32.057, RSMo 1986, which provides in pertinent part:
 32.057. Confidentiality of tax returns and department records — exceptions — penalty for violation. — 1. Except as otherwise specifically provided by law, it shall be unlawful for the director of revenue, any officer, employee, agent or deputy or former director, officer, employee, agent or deputy of the department of revenue, any person engaged or retained by the department of revenue on an independent contract basis, any person to whom authorized or unauthorized disclosure is made by the department of revenue, or any person who lawfully or unlawfully inspects any report or return filed with the department of revenue or to whom a copy, an abstract or a portion of any report or return is furnished by the department of revenue to make known in any manner, to permit the inspection or use of or to divulge to anyone any information relative to any such report or return, any information obtained by an investigation conducted by the department in the discharge of official duty, or any information received by the director in cooperation with the United States or other states in the enforcement of the revenue laws of this state. Such confidential information is limited to information received by the department in connection with the administration of the tax laws of this state.
 2. Nothing in this section shall be construed to prohibit:
 (1) The disclosure of information, returns, reports, or facts shown thereby, as described in subsection 1 of this section, by any officer, clerk or other employee of the department of revenue charged with the custody of such information:
* * *
 (b) In any action or proceeding, civil, criminal or mixed, brought to enforce the revenue laws of this state;
* * *
 3. Any person violating any provision of subsection 1 or 2 of this section shall, upon conviction, be guilty of a class D felony.
* * *
In State ex rel. Von Hoffman Press, Inc. v. Saitz,607 S.W.2d 219 (Mo.App., E.D. 1980), the Missouri Court of Appeals discussed the purpose and application of Section 32.057, RSMo. The court observed that:
 Confidentiality of returns is a statutory privilege granted to taxpayers to facilitate tax administration. Limited confidentiality is merely one procedure or method by which the government seeks to encourage honesty in reporting and to avoid the risk of loss of the documents and the inconvenience of frequent demands for the production of returns.
Id., 607 S.W.2d at 221. The Court continued:
 Section 32.057 was enacted to provide uniform confidentiality for all taxes administered by the Department of Revenue. Its primary purpose is to prevent unauthorized disclosure of confidential information. The statute prohibits voluntary disclosure, but was not intended to impede justice by prohibiting the production of necessary records in judicial proceedings. This provision should be construed so that legitimate judicial inquiry is not limited and the right of a litigant to call for evidence affecting his substantive rights is not unnecessarily infringed.
Id., at 222.
Section 313.321.6, RSMo Supp. 1990, relating to the question of offsetting of existing tax liabilities against lottery prizes provides:
 313.321. State lottery fund, established — distribution of funds — imprest prize fund, created, uses — collection, investment, use of lottery funds — taxation, set-off of prizes, when — restrictions for licensees. —
* * *
 6. The director of revenue is authorized to enter into agreements with the lottery commission, in conjunction with the various state agencies pursuant to sections 143.782 to 143.788, RSMo, in an effort to satisfy outstanding debts to the state from the lottery winning of any person entitled to receive lottery payments which are subject to federal withholding.
* * *
Section 140.855, RSMo 1986, relating to the offsetting of existing tax liabilities against sums owed to vendors by the state provides:
 140.855. Vendors, office of administration to pay funds due vendors into state treasury, when — notice, contents — hearing, procedure, effect of failure to request. — 1. If a vendor identified by the department of revenue is determined by the department to owe tax, the office of administration shall transfer an amount equal to the tax owed from the payment due the vendor not to exceed the amount of tax owed to the state treasurer.
* * *
Section 140.850, RSMo 1986, authorizing the Department of Revenue to enter into contracts with private attorneys and collection agencies for the collection of delinquent taxes provides:
 140.850. Contracts with private attorneys or collection agencies for assistance. — For all taxes administered by the department of revenue, the director may enter into contracts with private attorneys or professional collection agencies for the collection of delinquent taxes owed by residents or nonresidents of the state of Missouri; except that, any contract let pursuant to this section shall be awarded in the manner prescribed by chapter 34, RSMo, and shall be subject to appropriation made therefor. Any contract entered into pursuant to this section shall not provide for a collection fee in excess of twenty-five percent of the amount collected.
When construing statutes, it is necessary to ascertain the legislature's intent in enacting the measure and to give effect to the plain language of the statute viewed as a whole. A. B.v. Frank, 657 S.W.2d 625, 628 (Mo. banc 1983). Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. LeBeau v. Kelly, 697 S.W.2d 312, 315
(Mo.App. 1985).
Section 32.057, RSMo 1986, can be harmonized with Section313.321, RSMo Supp. 1990, Section 140.855, RSMo 1986, and Section 140.850, RSMo 1986. As illustrated by State ex rel.Von Hoffman Press, Inc. v. Saitz, supra, Section 32.057 is not an absolute bar to all disclosures.
Section 32.057.2 (1) (b), RSMo 1986, allows disclosure in "any action or proceeding, civil, criminal or mixed, brought to enforce the revenue laws of this state." The word "proceeding" is a broad term which encompasses not only lawsuits filed in a court, but also "administrative proceedings before agencies, tribunals, bureaus, or the like." Black's Law Dictionary (5th Ed. 1979) p. 1083. This term is broad enough to include the non-judicial administrative collection procedures provided by Section 313.321, RSMo Supp. 1990, and Section 140.855, RSMo 1986. Thus, disclosures necessary to conduct these proceedings are authorized by Section 32.057.2(1) (b). If Section 32.057, RSMo 1986, were construed as prohibiting disclosure in these instances, it would in effect nullify Section 313.321, RSMo Supp. 1990, Section 140.855, RSMo 1986, and Section 140.850, RSMo 1986.
These provisions must also be construed in the context of Sections 143.782 to 143.788, RSMo 1986, to provide for state agencies to offset debts owed to them against state tax refunds due to their debtors. Section 143.788, RSMo 1986, provides:
 143.788. Confidential information, disclosure by department, when, exception — limitation on use, violation, penalties. — 1. The provisions of section 32.057, RSMo, and any other confidentiality statute of this state to the contrary notwithstanding, the department may provide any state agency submitting a claim for setoff and collection under sections 143.782 to 143.788 all information necessary to accomplish and carry out the provisions of sections 143.782 to 143.788, but shall not provide any state agency with any information whose disclosure is prohibited by Section 6103 (d) of the Internal Revenue Code.
 2. The information obtained by a state agency from the department of revenue in accordance with the provisions of sections 143.782 to 143.788 shall retain its confidentiality and shall only be used by another state agency in the pursuit of its debt collection duties and practices; and any employee or prior employee of any state agency who unlawfully discloses any such information for any other purpose, except as otherwise specifically authorized by law, shall be subject to the same penalties specified by section 32.057, RSMo, for unauthorized disclosure of confidential information by an agent or employee of the department of revenue.
The disclosures necessary to fulfill the intent of the legislature in enacting Section 313.321, RSMo Supp. 1990, and Section 140.855, RSMo 1986, are analogous to those authorized by Sections 143.782 to 143.788, RSMo 1986, for a similar purpose.
The attorneys and collection agencies who will receive information from the Department of Revenue pursuant to Section 140.850, RSMo 1986, as well as the employees of the Office of Administration's "quick print" shop will be acting at the direction and on behalf of the Director of Revenue. In doing so, they will be acting as the Director's agents. This office has previously opined that the Department of Mental Health may release otherwise confidential information to its agents in order to collect fees for care and treatment, provided that the Department of Mental Health maintains strict control over those individuals to assure that the information released is used only as authorized. See, Attorney General Opinion Letter No. 19-88, a copy of which is enclosed. The reasoning of that opinion is equally applicable here. See also Attorney General Opinion Letter No. 166, Goldberg, 1978, a copy of which is enclosed, wherein this office concluded that the Department of Revenue could utilize the Office of Administration's consolidated state data center for the processing of tax returns without violating the confidentiality provisions of several different revenue laws in effect at that time.
We conclude that permitting disclosure in the four instances about which you inquire will not negate the purpose of Section 32.057, RSMo 1986. The individuals who will receive information, like the employees of the Department of Revenue, are prohibited by this statute from divulging this information to unauthorized individuals and from using it for any unauthorized purposes. Disclosure to this limited group of individuals does not mean that the information will lose all protection from Section 32.057; the information will not become a part of the public record and thus the objectives of Section 32.057 noted in State ex rel. Von Hoffman Press, Inc.v. Saitz, supra, will be met.
CONCLUSION
It is the opinion of this office that the Director of the Department of Revenue is authorized to disclose confidential tax information to the following parties for the following purposes: 1) the State Lottery Commission in order to offset existing tax liabilities against lottery prizes in accordance with Section 313.321.6, RSMo Supp. 1990; 2) the Office of Administration in order to offset pursuant to Section 140.855, RSMo 1986, existing tax liabilities against sums the state owes to vendors who have entered into contracts with the state; 3) private attorneys and/or professional collection agencies in order to collect pursuant to Section 140.850, RSMo 1986, taxes owed to the Director of Revenue; and 4) the "quick print" facility operated by the Office of Administration to the extent necessary for copying records.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 19-88 Opinion Letter No. 166, Goldberg, 1978