STATE of Missouri ex rel Michael
L. HELT, Relator,

v.

Honorable John R. O'MALLEY, Judge,
Circuit Court of Jackson County,
Respondent.

No. WD 59298.

Missouri Court of Appeals,
Western District.

Sept. 4, 2001.

John Sommer, Independence, for appellant.

Gardiner B. Davis, Kansas City, for respondent.

### Permanent Order in Prohibition

HOLLIGER, Judge.

We issued a preliminary writ of prohibition to bar respondent from withholding discovery of financial records of a party against whom a punitive damage claim was made until such time as a submissible claim for punitive damages has been made. We now make our preliminary rule absolute.

Relator Michael Helt ("Helt") is a defendant in an action filed by UMB Bank, n.a. ("UMB") seeking to enforce a personal guaranty regarding a business loan. Helt has filed a counterclaim against UMB and two UMB bank employees, Robert Harr and Allen Jenks, alleging breach of contract, fraud, negligence, and prima facie tort. The fraud, negligence, and prima facie tort claims each include prayers for punitive damages.

Helt propounded discovery to UMB seeking copies of certain financial records regarding counterclaim defendants Harr and Jenks. Specifically, Helt requested copies of these individuals' W–2 forms from 1997 through 1999, together with copies of any financial statements. UMB objected to the discovery, claiming that the requested information was irrelevant and is not discoverable because it is "confidential and private financial records." In its objection, UMB also contended that even if the financial information was considered relevant to Helt's punitive damage claims, discovery of that information should be deferred until Helt had made a submissible case for punitive damages.

Helt filed a motion for enforcement of discovery seeking an order requiring UMB to produce the financial records. The respondent sustained Helt's motion in part, requiring UMB to deliver the financial records to the court, where they would be kept under seal until Helt made a submissible case showing that he was entitled to punitive damages on his counterclaim. Once a submissible case for punitive damages was established, Helt would be able to review the records. After unsuccessfully seeking reconsideration by the trial judge, Helt sought relief from this court in the form of a writ of prohibition or, alternatively, mandamus.

Writs of prohibition are the appropriate procedural vehicle to remedy a denial of proper discovery that could cause a party to suffer considerable hardship that could not be remedied on appeal. *See Ferrellgas, L.P. v. Williamson*, 24 S.W.3d 171, 175 (Mo.App.2000). The question before this court is whether the respondent has improperly denied Helt's discovery of the party employees' financial information until he has made a submissible case for punitive damages. Generally, a trial court is vested with broad discretion regarding discovery matters. *State ex rel. LaBarge v. Clifford*, 979 S.W.2d 206, 208 (Mo.App. 1998). However, if a trial court exceeds its jurisdiction or abuses that discretion an aggrieved party may properly seek the remedy of a writ of prohibition. *Id.* Helt contends that the respondent has abused his discretion by denying him immediate discovery of the financial information concerning Harr and Jenks. He asks that we make our preliminary writ absolute, requiring the trial court to permit full discovery of the requested financial information. The brief filed on behalf of respondent contends that the trial judge acted within his discretion in delaying discovery of those records, because of the privacy interests of the bank employees are implicated by disclosure of those records.

It is well settled that when a plaintiff seeks punitive damages against a defendant, evidence of the defendant's financial status is both relevant and admissible. *State ex rel. Kubatzky v. Holt*, 483 S.W.2d 799, 804 (Mo.App.1972). Discovery of past financial information is often helpful in determining a party's present financial status. *State ex rel. Ford v. Adolf*, 724 S.W.2d 612, 615 (Mo.App.1986). A plaintiff seeking discovery of financial information in support of a punitive damage claim should be afforded an adequate opportunity to examine those materials prior to trial. *Kubatzky*, 483 S.W.2d at 805.

The counterclaim defendants did not complain that the requested documents

were subject to any privilege. To the trial court and to this court it is argued that Harr and Jenks have a privacy interest in their tax returns and financial records. They argue that respondent properly exercised his discretion in weighing the competing interests of personal privacy and public disclosure of such information. They rely upon *State ex rel. Wohl v. Sprague,* 711 S.W.2d 583, 585 (Mo.App. 1986). The buyer in an allegedly fraudulent stock sale was ordered to produce his income tax returns, which had been filed jointly with his non-party wife. He then sought a writ of prohibition and his wife was allowed to intervene. The court found that tax returns are not absolutely privileged but that "the information in the returns is protected from unnecessary prying, and, therefore, the detailed information in a tax return is protected with the sensible expectation the protective shield will not be lifted unless good cause is shown." *Id.* The court then proceeded to evaluate the claimed need for the information so that it could balance the competing interests of the parties. The plaintiff argued a need to see whether a certain stock transfer was reflected. The court did not believe that the return would satisfy the claimed need and particularly that the other party had offered to supply other records that would satisfy the claimed need. The plaintiff then claimed the joint returns would be relevant to her claim for punitive damages. The court noted that it saw little, if any, relevancy in the defendants' older tax returns to present financial wealth, particularly when plaintiff had been provided a current financial statement. The court noted that if the plaintiff needed more detailed information it could be sought by deposition or additional interrogatories. If those attempts were unsuccessful the court said that the trial court could examine the tax returns in camera and if appropriate provide for their disclosure. *Id.* at 586. Finally, the court found that "the burden to relator and his wife outweighs [plaintiff's] needs." *Id.*

For reasons more fully articulated in our opinion in *State ex rel. Newman v. O'Malley,* 54 S.W.3d 695 (Mo.App., 2001), handed down this date, we find that the trial court abused its discretion in denying Helt access to the requested financial records until he made a submissible case on his punitive damages claim. While the privacy interests of Harr and Jenks are a valid concern, there is no claim that the documents are subject to a recognized privilege. As such, Helt should be permitted to review the requested documents, as they are directly relevant to his punitive damages claim. To the extent that the privacy interests of Harr and Jenks could be compromised by disclosure of that information, the trial court may use a protective order placing reasonable restrictions upon disclosure of that information beyond Helt and his counsel. *See State ex rel. Mo. Ethics Comm'n v. Nichols,* 978 S.W.2d 770, 774 (Mo.App.1998).

The preliminary order in prohibition is made absolute.

PATRICIA BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.